UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WESLEY IRA PURKEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00365-JRS-DLP |
| | ) | |
| WARDEN, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**Order Denying Motion for Preliminary Injunction**

Petitioner Wesley Purkey was scheduled to be executed yesterday, July 15, 2020, at the United States Penitentiary in Terre Haute, Indiana (USP – Terre Haute) at 7:00 p.m. Shortly after 5:00 a.m., on July 15 the District Court for the District of Columbia enjoined Mr. Purkey's execution based on Mr. Purkey's claim of incompetence to be executed under *Ford v. Wainwright*, 477 U.S. 399 (1986). *Purkey v. Barr, et al.*, No. 1:19-cv-3570, dkt. 36 (D.D.C. July 15, 2020). The government appealed and sought a stay of the district court's judgment. The United States Circuit Court for the District of Columbia denied the government's motion to stay, holding that the government had not shown a strong likelihood of success on appeal. *Purkey v. Barr, et al.*, No. 20-5207, dkt. 1851927 (D.C. Cir. July 15, 2020). In the early morning today, July 16, the Supreme Court lifted the stay in a summary order, with four justices dissenting. *Barr v. Purkey*, 591 U.S. ___, No. 20A9 (2020).

Based on the Supreme Court's denial and a review of the applicable law, the Court concludes that Mr. Purkey should have filed this action as a § 2241 petition in this Court originally, instead of a civil rights action in the United States District Court for the District of Columbia. His calculated forum choice has disrupted the orderly proceedings of this case, allowing him to delay

in one court with ensuing appeals, and then file substantially the same claims in another court with a further round of appeals surely to follow. This is an abuse of the writ. Moreover, it violates the principle that "we ought not to have a procedural system where challenges to a conviction can go on endlessly." *Barr v. Purkey*, 591 U.S. ___, No. 20A9, at *3 (2020) (Breyer, J., dissenting). Accordingly, Mr. Purkey cannot make the required showing of a strong likelihood of success on his claim.

It is lamentable that counsel's procedural gamesmanship may have prevented a substantive review of Mr. Purkey's *Ford* claim as it should have been presented. But a stay of execution is an extraordinary remedy, and the Court must consider the equities before granting relief. Despite the risk of irreparable harm to Mr. Purkey, the balance of equities do not weigh in his favor.

Mr. Purkey's motion for stay of execution, dkt. [2], is **denied**.

**IT IS SO ORDERED.**

Date: 7/16/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Rebecca Ellen Woodman
REBECCA E. WOODMAN, ATTORNEY AT LAW, L.C.
rewlaw@outlook.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov